UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYTANNIA T. KING,

Plaintiff,

v. Case No. 8:25-cv-03306-MSS-SPF

JOHN GAISER, in his individual capacity,

Defendant.
_______________________________________/

**ORDER**

Before the Court is *pro se* Plaintiff Tytannia King's request to seal her Application to Proceed in District Court Without Paying Fees or Costs (AO 240 Form) (Doc. 2). Plaintiff seeks to proceed in this matter *in forma pauperis* and maintains that the application to do so "requires disclosure of Plaintiff's personal financial circumstances including Social Security benefits, income, financial obligations, and information concerning her dependent minor children." (Doc. 2 at 2).

A party seeking to file a document under seal must address the requirements set forth in Local Rule 1.11(b) and satisfy the Eleventh Circuit's common law interest standard. Local Rule 1.11(b) governs the filing of documents under seal and provides the motion:

1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

2) must describe the item;

3) must establish:

   (A) that filing the item is necessary,

   (B) that sealing the item is necessary, and

(C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

4) must include a legal memorandum;

5) must propose a duration for the seal;

6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

8) must include the item, which is sealed pending an order resolving the motion.

L.R. 1.11(b)(1)-(8), M.D. Fla. (2025).

Furthermore, in the Eleventh Circuit, there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Indeed, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" to judicial proceedings. *Romero v. Drummond Company, Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). This common law right "is instrumental in securing the integrity of the [judicial] process." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1245 (11th Cir. 2007) (quoting *Chicago Trib. Co.*, 263 F.3d at 1309). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy

interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246 (11th Cir. 2007) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

Here, Plaintiff maintains that her application should be sealed because it contains disclosure of her "personal financial circumstances" and affects the privacy interests of her minor children. However, these concerns do not carry a significant risk of injury and are insufficient to overcome the common law right of access. Courts in this District have consistently found that general concerns of financial disclosure are do not justify the sealing of an *in forma pauperis* application. *Keating v. Collier Cnty., Fla.*, No. 2:25-CV-598-JES-KCD, 2025 WL 2581785, at *2 (M.D. Fla. Aug. 14, 2025) (rejecting the plaintiff's argument that "sealing is necessary to protect personal and financial information in the IFP application"); *Lago v. Fla.*, No. 8:25-CV-1954-WFJ-AAS, 2025 WL 2208329, at *2 (M.D. Fla. Aug. 4, 2025) (declining the plaintiff's request to seal an *in forma pauperis* application which was alleged to contain "sensitive personal and financial information that is not material to the merits of the case."); *see also Wimberly v. Experian Info. Sols.*, No. 1:18-CV-06058-MKV, 2021 WL 1146277, at *1 (S.D.N.Y. Mar. 24, 2021) ("[G]eneral concerns over disclosure of financial status have been held insufficient to overcome the presumption of public access."). Moreover, though Plaintiff raises additional concerns regarding the privacy of her minor children, the application discloses only that Plaintiff has two minor children, identified by their initials. Again, there is no risk of injury on this basis sufficient to overcome the common law right of access. Additionally, Plaintiff's concerns are further undercut by her other litigation activity

in this District, particularly in the matter of *King v. Polk County Sheriff's Office et al.*, Case No. 8:26-cv-00282-MSS-SPF where she filed two separate motions to proceed *in forma pauperis* containing similar financial information on the public docket where they remain today. *See Gibbons v. Roth*, No. 6:26-CV-02026-AGM-LHP, 2026 WL 2794853, at *1 (M.D. Fla. Sept. 18, 2026) ("Plaintiff has also otherwise failed to establish why filing her Application under seal is necessary, particularly where Plaintiff filed her first motion to proceed *in forma pauperis*, which contains similar financial information, on the public docket, where it remains to date.") (citation omitted).

Finally, Plaintiff's alternative request for redaction would have virtually the same effect as sealing as the entire application contains the very information Plaintiff wishes to conceal. Accordingly, it is so ORDERED:

1. Plaintiff's Motion to Seal AO 240 Financial Application (Doc. 2) is **DENIED**.

**ORDERED** in Tampa, Florida, on November 6, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE